IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIE D. PETTIE, #320-087<br>      Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. AW-09-2509 |
| | * |
| MR. D. KENNETH HORNING, et al.,<br>      Defendants | * |

******

## **MEMORANDUM**

The Court is in receipt of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983 wherein he states that in June of 2009, he mailed property from the Maryland Correctional Training Center to his family. When his family received the package "all of [his] appliance and CDs were either broken, or damaged severely." Paper No. 1. Plaintiff seeks leave to proceed in forma pauperis (Paper No. 2) which shall be granted.

In the case of lost, stolen, or damaged property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[1] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke*

---

[1] Plaintiff may avail himself of remedies under the Maryland Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost, stolen, or damaged property, given *Juncker's* reliance on *Parratt* in dismissing Plaintiff's due process claim.

*v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

Date: October 7, 2009

_____/s/_____
Alexander Williams, Jr.
United States District Judge